UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-102 PLC |
| ) | |
| SHONNA YOUNG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brandon Nicholas Barnett, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff is a prisoner who, while incarcerated or detained, has filed at least three civil actions that were dismissed for failure to state a claim upon which relief may be granted or on res judicata grounds.[1] *See Barnett v. 5th Judicial Circuit Court Buchanan County, et al.*, No. 5:11-cv-6031-DW (W.D. Mo. May 18, 2011) (summary dismissal for failure to state a claim upon which relief may be granted), *Barnett v. Buchanan County, Missouri, et al.*, No. 5:15-cv-6044-DW (W.D. Mo. May 8, 2015) (same), and *Barnett v. Hinton, et al.*, No. 5:18-cv-6115-HFS (W.D. Mo. Nov. 5, 2018) (summary dismissal on res judicata grounds).

---

[1] The Eighth Circuit Court of Appeals has recognized that dismissals on res judicata grounds are properly counted as "strikes" for purposes of 28 U.S.C. § 1915(g). *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (prior cases dismissed as barred by res judicata qualified as strikes), *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. 2015) (affirming the portion of the district court's decision determining that the plaintiff had acquired three qualifying strikes when one of the cases the district court cited was dismissed on res judicata grounds); *see also Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (affirming the district court's determination that its dismissal on res judicata grounds should count as a strike for purposes of § 1915(g)).

The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, plaintiff may proceed in forma pauperis in this action only if he "is under imminent danger of serious physical injury." *Id.*

In the complaint, plaintiff alleges that, from approximately August 16, 2018 to August, 20, 2018, medical treatment for a toenail fungus was delayed. Plaintiff complains that he received the fungal infection when he was housed in a "suicide" cell that had not been properly cleaned. These allegations do not establish that plaintiff is currently under imminent danger of serious physical injury. Additionally, plaintiff alleges only past harm, which is insufficient to trigger the imminent danger exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Therefore, plaintiff may not proceed in forma pauperis in this action.

For the foregoing reasons, plaintiff may not proceed in forma pauperis in this action. As a result, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and will dismiss this case without prejudice to the filing of a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

Dated this 3rd day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE